# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 20, 2015

Lyle W. Cayce
Clerk

No. 14-60649

ENVIRONMENTAL INTEGRITY PROJECT; TEXAS ENVIRONMENTAL
JUSTICE ADVOCACY SERVICES; COMMUNITY IN-POWER AND
DEVELOPMENT ASSOCIATION; CITIZENS FOR ENVIRONMENTAL
JUSTICE; AIR ALLIANCE HOUSTON; TEXAS CAMPAIGN FOR THE
ENVIRONMENT; TEXAS IMPACT,

   Petitioners

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

   Respondent

Petition for Review of an Order of the
Environmental Protection Agency
79 Fed. Reg. 40666

Before JOLLY, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:*

  Under the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401–7671q, each state
must create and administer a State Implementation Plan ("SIP") designed to

---

  * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

achieve National Ambient Air Quality Standards.[1] The SIP must include a scheme for New Source Review ("NSR"), which governs pre-construction permits for new constructions or modifications to existing constructions. The CAA distinguishes between major and minor pollution sources based on a threshold amount of pollution; major sources are subject to much more stringent regulations.

In 1994, the State of Texas submitted to the Environmental Protection Agency ("EPA") for approval a proposed SIP that provides for flexible permits for Minor NSR. Under the plan, an entity may obtain a flexible permit for emissions up to a specified aggregate limit below the major source threshold. Thereafter, the flexible permit holder may modify its facilities without further regulatory review provided emissions remain below the aggregate permit limit. The State of Texas has always maintained that the flexible permit plan covers only Minor NSR and excludes Major NSR. Nevertheless, the EPA issued a rule disapproving the Texas SIP in 2010, 16 years after it was first submitted, based in part on its determination that the plan, as written, could allow flexible permit holders to circumvent rules for Major NSR.

The State of Texas petitioned the Fifth Circuit for review. In a 2012 opinion, we concluded that the SIP, as written, covers only Minor NSR, and that all Major NSR (both for new constructions and for modifications) remains covered by the more stringent Major NSR rules. Indeed, we concluded that the plan "affirmatively requires compliance with Major NSR" and that it therefore "does not, on its face, allow major sources to evade Major NSR."[2] Responding to the EPA's specific contention that the flexible permit plan might allow permit holders to evade Major NSR for major source modification, we

---

[1] The background for this opinion is set out in *Texas v. U.S. E.P.A.*, 690 F.3d 670 (5th Cir. 2012).

[2] *Id.* at 678.

explained, "Major sources cannot use a flexible permit to avoid Major NSR without violating the law."[3] In short, we concluded that the flexible permit plan proposed by Texas covers only Minor NSR and categorically excludes Major NSR. Accordingly, we vacated the EPA's final rule and remanded to the EPA for further consideration.

On remand, following a public comment period in which the parties to this proceeding participated, the EPA issued a final rule conditionally approving the SIP,[4] relying primarily on this court's 2012 opinion. Several citizen/environmental groups have brought this petition for review, asserting that the EPA's approval of the SIP was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," in violation of 5 U.S.C. § 706(2)(A). Significantly, the petitioners do not argue that the 2012 Fifth Circuit opinion, on which the EPA relied, was incorrect or should be disregarded. We conclude that our earlier opinion controls here.

The petitioners have not materially distinguished their arguments from the EPA's arguments in the earlier proceeding, which we already rejected. In essence, all of the petitioners' arguments rest on the assumption that the SIP will somehow allow flexible permit holders to bypass Major NSR when making major modifications to existing constructions. Our 2012 opinion forecloses that assumption. As we explained, the flexible permit plan by definition covers only Minor NSR and affirmatively requires compliance with any applicable Major NSR. If, as the petitioners argue, some flexible permit holders attempt to evade Major NSR, they will be doing so not in accordance with the SIP but in violation of it.

---

[3] *Id.* at 686.

[4] The final rule was conditioned on Texas making certain minor changes irrelevant to this proceeding, which Texas apparently has since completed.

No. 14-60649

In short, the EPA raised virtually identical arguments in the earlier proceeding, and we categorically rejected them in our 2012 opinion. The EPA relied on our 2012 opinion on remand when it issued its final order conditionally approving the SIP. The petitioners do not challenge the 2012 opinion and do not raise any arguments which are not foreclosed by that opinion. On this record, we cannot say the EPA's final rule approving the SIP was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"; to the contrary, it was explicitly in accordance with the law set out in our 2012 opinion. Thus, we deny the petition for review and uphold the EPA's final rule approving the SIP.

DENIED.